1  KATHLEEN E. WELLS (SBN 107051)
   3393 Maplethorpe Lane
2  Soquel, CA  95073
   Telephone:   (831) 475-1243
3  Email:   lioness@got.net

4  Attorney for plaintiff, LISA M. KAY ALLISON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION – ECF PROGRAM

| | |
|---|---|
| LISA M. KAY ALLISON , <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SANTA CRUZ;  SANTA CRUZ COUNTY SHERIFF PHIL WOWAK; LORIE A. GEARHART; C. LOGAN; S BUTEHER; B. AMET; E. SOTO; MONTE LEE WILSON; J REGGIO; S.BELIZ; JEREMY VERNINKY; TWENTY UNKNOWN COUNTY SHERIFFS DEPUTIES, CORRECTIONAL OFFICERS,  MEDICAL PERSONNEL; CALIFORNIA FORENSIC MEDICAL GROUP, <br><br> Defendants. | CASE # <br><br> COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1988) and the Eighth Amendment to the Constitution of the United States.  This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202.

2. Venue is proper in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. § 1391, in that the subject matter of this action arose in this district, all

Kate Wells and Aaron Lodge, Attorneys for plaintiff

defendants are subject to personal jurisdiction in this district, and there is no district in which the action may otherwise be brought.

## PARTIES

3. Plaintiff LISA M. KAY ALLISON, ("plaintiff") is, and at all relevant times herein was, a resident of the County of SANTA CRUZ, State of California.

4. Defendant COUNTY OF SANTA CRUZ (hereinafter "COUNTY") is a political subdivisions of the State of California.

5. PHIL WOWAK was at all relevant times, the Sheriff of the COUNTY.

6. LORIE A. GEARHART; C. LOGAN; S BUTEHER; B. AMET; E. SOTO; MONTE LEE WILSON; J REGGIO; S.BELIZ were at all relevant times COUNTY employees who were involved in plaintiffs medical evaluation and treatment at the COUNTY jail.

7. JEREMY VERNINKY was at all relevant times, COUNTY Chief Deputy and supervisor of the COUNTY corrections system.

8. TWENTY UNKNOWN COUNTY SHERIFFS DEPUTIES, CORRECTIONAL OFFICERS, MEDICAL PERSONNEL (collectively hereinafter referred to as the "OFFICERS") were sheriffs deputies and/or correctional officers and/or other COUNTY personnel; in performing the acts alleged herein, these defendants were acting as agents of the COUNTY employed by the COUNTY and/or were acting individually, outside the course and scope of their employment; and, in performing all of the acts alleged herein, these defendants acted under color of state law and the statutes, ordinances, regulations, customs and usages of the COUNTY, and pursuant to the official policy, custom and practice of the COUNTY. These defendants are charged with enforcing state and local laws and additionally charged with knowledge and protection of citizens' constitutional rights while enforcing such laws.

9. CALIFORNIA FORENSIC MEDICALGROUP is a for profit corporation contracted by the COUNTY to provide medical services to the inmates at the COUNTY jail.

10. The names and capacities of defendants TWENTY UNKNOWN COUNTY

**Kate Wells and Aaron Lodge, Attorneys for plaintiff**

SHERIFFS DEPUTIES, CORRECTIONAL OFFICERS, MEDICAL PERSONNEL are presently unknown to the plaintiff. Each of these unknown parties has acted as agent of or in concert with the named defendants in the matters referred to herein and is responsible in some manner for the damages suffered by plaintiffs. Plaintiff will amend this complaint to add the names and capacities of these defendants when ascertained.

11. In doing the things herein alleged, the defendants, and each of them, acted as the agent, servant, employee of the remaining defendants, and acted in concert with them

**FACTS GIVING RISE TO THE CLAIMS FOR RELIEF**

12. On May 3,2014, Plaintiff was arrested and admitted into custody at the Santa Cruz County Jail. Initially plaintiff informed the COUNTY intake OFFICER that she was mentally unstable, that she was on prescribed psychiatric drugs and needed to be evaluated by mental health and receive her psych meds before she was placed into the general population.

13. The COUNTY intake OFFICER was aware of plaintiff's delicate health and instead of sending plaintiff for evaluation, she told plaintiff that she would have to go into general population without an evaluation and that if plaintiff continued to insist, she would be punished and the OFFICER would make it "hell for her". The OFFICER told plaintiff she would be sorry for insisting on an evaluation and that OFFICERS would strip her naked and place her in a brightly lit room with only ½ of a mat to sleep on. The OFFICER told plaintiff she would not receive any of her prescribed psych medications and that the male guards would be watching her in her naked state.

14. When plaintiff still insisted she needed to go to the medical facility, the OFFICER told her that she had made her grave and would have to lay in it. The OFFICERs proceeded to strip plaintiff naked and search her and then placed her in a brightly lit room with only half a mat which, even as small as she could make herself, did not cover her buttocks or her back. Male OFFICERS were observing her around the clock.

15. Plaintiff became progressively ill and complained repeated to jail staff of symptoms including severe headaches and other physical complaints, including body aches,

**Kate Wells and Aaron Lodge, Attorneys for plaintiff**

-3-
COMPLAINT FOR DAMAGES

nausea, vomiting and insomnia.    Plaintiff asked for aspirin and OFFICERS refused her.

16. On May 9, 2014, plaintiff complained of whole body aches that were worsening. Plaintiff was in excruciating pain and was begging the OFFICERS for help. OFFICERS refused to help. In fact, the OFFICERs became angry with her because plaintiff was vomiting and had lost control and urinated on herself repeatedly. On May 10, 2014, witnesses saw plaintiff having a seizure which lasted several minutes. It was during this time that plaintiff suffered her first stroke. Plaintiff's condition continued to deteriorate until she ultimately became completely unresponsive on May 13, 2014.

17. Finally on May 13, 2014, plaintiff was transported to the Emergency Room at Dominican Hospital in a coma. After numerous tests and exams including a CT scan, brain MRIs and Xrays, the doctors at Dominican determined that Plaintiff had a large infarction on the left side of her brain caused by a stroke that had been ignored by OFFICERs at the jail.

18. When plaintiff was returned to the jail, she had a second stroke which was ignored by the OFFICERS . Other inmates and a mental health nurse named "James" were pushing the emergency button to get help for plaintiff and the OFFICERs continued in their deliberate indifference to plaintiff's serious medical needs and told the others to just leave her alone and that plaintiff was faking it. The OFFICERs left plaintiff lying on the floor, unresponsive and barely breathing, very close to death. Finally "James" called 911 and she was rushed to the hospital by ambulance. After plaintiff arrived at Dominican she remained in a coma for 3 days. The doctors determined that plaintiff had suffered a second major stroke.

19. When Plaintiff awoke from the coma, she did not know who she was and was partially paralyzed and had lost vision in one eye. Plaintiff's symptoms continue to the date of this filing including inability to concentrate, read, drive a car, partial paralysis of her body and throat and many more serious injuries suffered as a result of the COUNTY's and OFFICERs  failure to attend to her serious medical needs despite their actual knowledge of her such need.

## CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (Title 42 U.S.C. Section 1983)

Kate Wells and Aaron Lodge, Attorneys for plaintiff

## DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT

20. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 19 of this complaint.

21. Defendants, as described herein before, were deliberately indifferent to plaintiff's serious medical needs and inflicted unnecessary and wanton pain and suffering on her which resulting in permanent injuries. Defendants herein acted under color of law to deprive Plaintiff of her Fourteenth Amendment right to be free from deliberate indifference to her serious medical needs

22. Plaintiff further alleges that COUNTY failed to properly train and supervise its agents and employees to prevent the violation of clearly established constitutional rights, and thereby maintained unlawful and illegal customs and policies which resulted in the unlawful and unconstitutional treatment of plaintiff by its agents and employees.

23. As a direct and proximate result of the unlawful actions of defendants, plaintiff sustained injuries and damages including, but not limited to pain, loss of mobility, medical expenses, loss of income, as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to her general damage in an amount according to proof. Defendants' failure to act is also the direct and proximate cause of plaintiff's future high risk of seizures, strokes, heart attacks, falling, choking, and pneumonia among other maladies.

24. The conduct of the individual defendants as alleged in this complaint was willful, malicious, oppressive and/or reckless and therefore plaintiff is entitled to punitive damages according to proof.

25. Plaintiff has been compelled to engage the services of private counsel to vindicate his rights under the law. Plaintiff is, therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

## JURY TRIAL DEMAND

28. Plaintiff demands a jury trial.

**Kate Wells and Aaron Lodge, Attorneys for plaintiff**

## **PRAYER**

**WHEREFORE,** plaintiff prays for judgment against the defendants, and each of them, as follows:

    A.  General damages according to proof;

    B.  Punitive damages against the individual defendants according to proof;

    C.  Attorney's fees pursuant to statute;

    D.  Costs of suit; and

    E.  For such other and further relief as the court deems appropriate.

Dated: May 9, 2016           __/s/  Kathleen E. Wells_____
                                          KATHLEEN E. WELLS
                                          Attorney for Plaintiff , LISA M. KAY ALLISON

**Kate Wells and Aaron Lodge, Attorneys for plaintiff**